■ EVERARDO AVILA, Respondent, v PLAZA CONSTRUCTION CORP. et al., Appellants. [900 NYS2d 378]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated June 29, 2009, as denied that branch of their motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) is granted.

The defendant West-Chambers Street Associates, LLC (hereinafter West-Chambers), owns certain real property in Manhattan, and commenced the construction of a building thereon. The defendant Plaza Construction Corp. (hereinafter Plaza) was the project's construction manager.

In October 2005 the project was in the "foundation phase." Plaza hired Laquila Construction (hereinafter Laquila) to lay the foundation.

In laying the foundation, Laquila's employees installed steel reinforcement bars known as rebar. The rebar was laid at perpendicular angles in a gridlike pattern, creating numerous openings, each measuring approximately one square foot. This rebar grid was suspended over a dirt floor.

On October 4, 2005, the plaintiff, one of Laquila's employees, was working at the construction site, and standing on top of the rebar grid. The plaintiff picked up a hose used in the pouring of

concrete, with the intention of washing out the interior of the hose. The hose was comprised of several lengthy tubes of rubber, connected by iron clamps. When the plaintiff disconnected two sections of the hose, concrete inside of the section he was holding suddenly shifted, and one of the iron clamps consequently recoiled and hit him in the head, causing him to lose his balance and fall down. When the plaintiff fell, his body landed on the rebar, but his right leg fell approximately three feet down into one of the openings, and he fractured that leg.

On their motion for summary judgment, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of Labor Law § 240 (1). Specifically, they established, prima facie, that the openings of the grid, which were clearly not of a dimension that would have permitted the plaintiff's body to fall through and land on the dirt floor below, did " 'not present an elevation-related hazard to which the protective devices enumerated' in [Labor Law § 240 (1)] are designed to apply" (*Rice v Board of Educ. of City of N.Y.*, 302 AD2d 578, 580 [2003], quoting *Alvia v Teman Elec. Contr.*, 287 AD2d 421, 422 [2001]; *see Keavey v New York State Dormitory Auth.*, 6 NY3d 859, 860 [2006]; *Miller v Weeden*, 7 AD3d 684, 685-686 [2004]). Since, in opposition, the plaintiff failed to raise a triable issue of fact, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Dillon, J.P., Balkin, Dickerson and Lott, JJ., concur. ·