■ Daniel Vitale et al., Appellants-Respondents, v Astoria Energy II, LLC, et al., Respondents-Appellants. [30 NYS3d 213]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Elliot, J.), entered April 25, 2014, as granted those branches of the defendants' cross motion which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) and so much of the cause of action alleging a violation of Labor Law § 241 (6) as was predicated on 12 NYCRR 23-1.7 (b), and the defendants cross-appeal, as limited by their brief, from so much of the same order as denied those branches of their cross motion which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 200 and the remainder of the cause of action alleging a violation of Labor Law § 241 (6).

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiffs Daniel Vitale (hereinafter the injured plaintiff), and his wife suing derivatively, commenced this action to recover damages for personal injuries sustained by the injured plaintiff while he was working at a construction site. The defendant Astoria Energy II, LLC, was the owner of the property, and the defendant SNC-Lavalin Constructors, Inc., was the construction manager for the project. At the time of the accident, the injured plaintiff was working as a surveyor at the site, verifying the accuracy of the location of approximately 200 anchor bolts, which needed to be tightened before the concrete foundation was poured. This required the injured plaintiff to walk from anchor bolt to anchor bolt, across the top of a rebar grid, which was at least 100 feet by 50 feet, and 5 feet high. The rebar grid had square openings, which measured at most 12 inches by 12 inches. The injured plaintiff allegedly was injured when, while walking across the top of the rebar grid, he lost his balance, and his left leg fell through one of the square openings of the rebar grid, up to his groin.

The plaintiffs moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) and so much of the cause of action alleging a violation of Labor Law § 241 (6) as was predicated on 12 NYCRR 23-1.7 (b). The defendants cross-moved for summary judgment dismissing the complaint. The Supreme Court denied the plaintiff's motion. Although the cross motion was untimely, the Supreme Court entertained those branches of the cross motion which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) and so much

of the cause of action alleging a violation of Labor Law § 241 (6) as was predicated on 12 NYCRR 23-1.7 (b), because the plaintiff's timely motion for summary judgment raised nearly identical issues (*see Wernicki v Knipper*, 119 AD3d 775, 776 [2014]). The Supreme Court granted those branches of the defendants' cross motion and denied the remainder of the defendants' cross motion as untimely. The plaintiffs appeal from the order to the extent that it granted the defendants' cross motion, and the defendants cross-appeal from the order to the extent that it denied the cross motion.

The Supreme Court properly granted that branch of the defendants' cross motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1). The defendants established, prima facie, that the openings of the grid, which were not of a dimension that would have permitted the plaintiff's body to completely fall through and land on the floor below, did not present an elevation-related hazard to which the protective devices enumerated in Labor Law § 240 (1) are designed to apply (*see Keavey v New York State Dormitory Auth.*, 6 NY3d 859, 860 [2006]; *Avila v Plaza Constr. Corp.*, 73 AD3d 670, 671 [2010], *lv granted* 15 NY3d 706 [2010]; *Rice v Board of Educ. of City of N.Y.*, 302 AD2d 578, 579-580 [2003]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

The Supreme Court also properly granted that branch of the defendants' cross motion which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241 (6) as was predicated on 12 NYCRR 23-1.7 (b). This Court has repeatedly held that 12 NYCRR 23-1.7, which concerns "hazardous openings," does not apply to openings that are too small for a worker to completely fall through (*see DeLiso v State of New York*, 69 AD3d 786, 787 [2010]; *Rice v Board of Educ. of City of N.Y.*, 302 AD2d at 579; *Alvia v Teman Elec. Contr.*, 287 AD2d 421, 423 [2001]). As noted above, the defendants established that the openings of the grid were not of a dimension that would have permitted the plaintiff's body to completely fall through. Accordingly, the defendants established their prima facie entitlement to judgment as a matter of law on that branch of their cross motion (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324). In opposition, the plaintiffs failed to raise a triable issue of fact (*see id.*).

The Supreme Court also properly denied the remainder of the defendants' cross motion as untimely, since the defendants failed to demonstrate good cause for their delay in making the

cross motion (*see* CPLR 3212 [a]). The issues raised in the remainder of the cross motion were not nearly identical to the issues raised in the plaintiffs' timely motion (*see Paredes v 1668 Realty Assoc., LLC*, 110 AD3d 700, 702 [2013]; *Vasquez v C2 Dev. Corp.*, 105 AD3d 729, 731 [2013]). Rivera, J.P., Balkin, Dickerson and Hinds-Radix, JJ., concur.