■ SHENG HAI TONG, Respondent-Appellant, v K AND K 7619, INC., Defendant/Third-Party Plaintiff/Second Third-Party Plaintiff-Appellant-Respondent, XIAO WU CHEN, Doing Business as FAMILY 99 CENT STORE, Defendant/Second Third-Party Defendant-Respondent. FAMILY 99 CENT STORE, INC., Third-Party Defendant-Respondent. (And Another Third-Party Action.) [41 NYS3d 266]—

In an action to recover damages for personal injuries, the defendant/third-party plaintiff/second third-party plaintiff, K and K 7619, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Bayne, J.), dated April 15, 2014, as denied its cross motion for summary judg-

ment dismissing the complaint insofar as asserted against it and on its causes of action for contractual indemnification asserted in its third-party complaints against the third-party defendant, Family 99 Cent Store, Inc., and the defendant/second third-party defendant, Xiao Wu Chen, individually and doing business as Family 99 Cent Store, respectively, and the plaintiff cross-appeals, as limited by his notice of appeal and brief, from so much of the same order as granted that branch of the motion of the defendant/second third-party defendant Xiao Wu Chen, individually and doing business as Family 99 Cent Store, which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6) insofar as asserted against him.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the cross motion of the defendant/third-party plaintiff/second third-party plaintiff, K and K 7619, Inc., which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against it, and substituting therefor a provision granting that branch of the cross motion, and (2) by deleting the provision thereof granting that branch of the motion of the defendant/second third-party defendant, Xiao Wu Chen, individually and doing business as Family 99 Cent Store, which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6) insofar as asserted against it, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the third-party defendant, Family 99 Cent Store, Inc., and the defendant/second third-party defendant, Xiao Wu Chen, individually and doing business as Family 99 Cent Store, payable by the defendant/third-party plaintiff/second third-party plaintiff, K and K 7619, Inc., and one bill of costs to the plaintiff payable by the defendant/second third-party defendant, Xiao Wu Chen, individually and doing business as Family 99 Cent Store.

While renovating property owned by K and K 7619, Inc. (hereinafter K and K), and leased by Xiao Wu Chen, doing business as Family 99 Cent Store (hereinafter Chen), the plaintiff severed his thumb cutting plastic floor tile. At the time of the accident, the plaintiff was using a makeshift table saw created by affixing a circular saw upside down to the bottom of a table, such that the safety guard was underneath the table while the blade was on top.

The plaintiff commenced this action against K and K and

Chen, alleging violations of Labor Law §§ 240 (1); 241 (6) and 200, and common-law negligence. K and K commenced third-party actions against Family 99 Cent Store, Inc., and Chen, individually and doing business as Family 99 Cent Store, respectively, for contractual and common-law contribution and/or indemnification and alleging breach of contract. Chen moved for summary judgment, inter alia, dismissing the cause of action alleging a violation of Labor Law § 241 (6) insofar as asserted against him. The Supreme Court granted that branch of the motion. K and K cross-moved for summary judgment dismissing the complaint insofar as asserted against it and on its causes of action for contractual indemnification asserted in its third-party complaints against Chen and Family 99 Cent Store, Inc. The court denied the cross motion.

The Supreme Court erred in granting that branch of Chen's motion which was for summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as asserted against him. Although a plaintiff asserting a Labor Law § 241 (6) cause of action must allege a violation of a specific provision of the Industrial Code (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 503 [1993]), a failure to identify the Code provision in the complaint or bill of particulars is not fatal to such a claim (*see Klimowicz v Powell Cove Assoc., LLC*, 111 AD3d 605, 606-607 [2013]; *Ross v DD 11th Ave., LLC*, 109 AD3d 604, 605-606 [2013]). Here, the plaintiff's belated assertion of a violation of 12 NYCRR 23-1.12 (c) (2) is properly considered since it involved no new factual allegations, raised no new theories of liability, and caused no prejudice (*see Klimowicz v Powell Cove Assoc., LLC*, 111 AD3d at 607; *Ross v DD 11th Ave., LLC*, 109 AD3d at 606; *Kelleir v Supreme Indus. Park*, 293 AD2d 513, 513-514 [2002]; *Kowalik v Lipschutz*, 81 AD3d 782, 783 [2011]).

12 NYCRR 23-1.12 (c) (2) requires that "[e]very power-driven saw, other than a portable saw, . . . be equipped with a guard which covers the saw blade to such an extent as will prevent contact with the teeth." The Supreme Court incorrectly concluded that this provision was inapplicable to the facts of this case because it applies to table saws, not portable saws. "[W]hen determining the applicability of a regulation," the court must "take into consideration the function of a piece of equipment, and not merely the name" (*St. Louis v Town of N. Elba*, 16 NY3d 411, 416 [2011]). The circular saw at issue was being used as a table saw at the time of the plaintiff's accident, and, thus, the same safety precautions as are required for other power-driven table saws are applicable (*see id.*; *Gonzalez v Perkan Concrete Corp.*, 110 AD3d 955 [2013]; *Copp v City of*

*Elmira,* 31 AD3d 899 [2006]). Accordingly, the branch of Chen's motion which was for summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as asserted against him should have been denied.

Although K and K's cross motion was untimely, an untimely motion or cross motion for summary judgment may be considered by the court where a timely motion for summary judgment was made on nearly identical grounds (*see Derrick v North Star Orthopedics, PLLC,* 121 AD3d 741, 743 [2014]; *He Ping Shao v Cao Zhao Wei,* 118 AD3d 943, 944 [2014]; *Grande v Peteroy,* 39 AD3d 590, 591-592 [2007]). The branch of K and K's cross motion which was for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against it was not made on grounds nearly identical to the similar branch of Chen's timely motion, since it rested on the separate factual assertion that it did not exercise supervisory control over the work. Further, the branch of the cross motion which was for summary judgment on the causes of action for contractual indemnification asserted in the third-party complaints did not raise nearly identical issues to those asserted in Chen's motion. Thus, since K and K failed to demonstrate good cause for its delay in making the cross motion, those branches of the cross motion were properly denied as untimely (*see* CPLR 3212 [a]; *Vitale v Astoria Energy II, LLC,* 138 AD3d 981, 983 [2016]). However, the Supreme Court should have considered those branches of the cross motion which sought summary judgment dismissing the Labor Law §§ 240 (1) and 241 (6) causes of action insofar as asserted against K and K, because Chen's timely motion raised nearly identical issues (*see Vitale v Astoria Energy II, LLC,* 138 AD3d at 983; *Derrick v North Star Orthopedics, PLLC,* 121 AD3d at 743; *He Ping Shao v Cao Zhao Wei,* 118 AD3d at 944).

Considering the merits of the cross motion, K and K established its prima facie entitlement to judgment as a matter of law dismissing the Labor Law § 240 (1) cause of action by demonstrating that the plaintiff's injuries did not result from an elevation-related hazard (*see Linkowski v City of New York,* 33 AD3d 971, 974 [2006]). In opposition, the plaintiff failed to raise a triable issue of fact.

However, K and K was not entitled to judgment as a matter of law dismissing the Labor Law § 241 (6) cause of action, for the same reason that Chen was not entitled to that relief.

K and K's remaining contention is without merit. Chambers, J.P., Austin, Sgroi and Cohen, JJ., concur.