Salerno v Diocese of Buffalo, N.Y. (2018 NY Slip Op 03251)





Salerno v Diocese of Buffalo, N.Y.


2018 NY Slip Op 03251


Decided on May 4, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, NEMOYER, CURRAN, AND WINSLOW, JJ.


330 CA 17-01548

[*1]JAMES SALERNO AND MARY SALERNO, PLAINTIFFS-RESPONDENTS-APPELLANTS,
v
THE DIOCESE OF BUFFALO, N.Y., CATHOLIC CEMETERIES OF THE ROMAN CATHOLIC DIOCESE OF BUFFALO, INC., DEFENDANTS-APPELLANTS-RESPONDENTS, ET AL., DEFENDANTS. 






HODGSON RUSS LLP, BUFFALO (W. SETH CALLERI OF COUNSEL), FOR DEFENDANTS-APPELLANTS-RESPONDENTS. 
PAUL WILLIAM BELTZ, P.C., BUFFALO (ANNE B. RIMMLER OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS-APPELLANTS. 


 Appeal and cross appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered June 26, 2017. The order granted in part and denied in part the motion of defendants The Diocese of Buffalo, N.Y., and Catholic Cemeteries of the Roman Catholic Diocese of Buffalo, Inc., for summary judgment and denied the cross motion of plaintiffs for partial summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying that part of the motion with respect to the Labor Law § 241 (6) claim insofar as it is based on the alleged violation of 12 NYCRR 23-1.5 (c) (3) and reinstating that claim to that extent, and as modified the order is affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking damages for injuries allegedly sustained by James Salerno (plaintiff) while he was working on a construction project at a cemetery in the Town of Tonawanda, Erie County, owned by defendants-appellants (defendants). As part of his work, plaintiff was ordered to operate a "Bobcat skid-loader," which had a safety bar that lowered onto the operator's lap. When plaintiff raised the safety bar to exit the machine, the safety bar allegedly fell and struck him.
Supreme Court thereafter granted those parts of defendants' motion seeking summary judgment dismissing plaintiffs' Labor Law
§§ 200 and 240 (1) claims and the section 241 (6) claim insofar as it alleged a violation of, inter alia, 12 NYCRR 23-1.5 (c) (3), denied that part of defendants' motion seeking summary judgment dismissing plaintiffs' section 241 (6) claim insofar as it alleged a violation of 12 NYCRR 23-9.2 (a), and denied plaintiffs' cross motion for partial summary judgment on liability under section 240 (1) against defendants. Defendants appeal, and plaintiffs cross-appeal. We now modify the order by denying that part of the motion with respect to the section 241 (6) claim insofar as it alleges a violation of 12 NYCRR 23-1.5 (c) (3), and we otherwise affirm.
Preliminarily, we reject defendants' contention that the court abused its discretion in refusing to strike plaintiffs' opposing papers as untimely (see generally Sheng Hai Tong v K & K 7619, Inc., 144 AD3d 887, 890 [2d Dept 2016]).
Turning to the merits, we conclude that, contrary to plaintiffs' contention on their cross appeal, the court properly granted defendants' motion with respect to the Labor Law § 240 (1) claim because plaintiff was not injured as the result of any " physically significant elevation [*2]differential' " (Nicometi v Vineyards of Fredonia, LLC, 25 NY3d 90, 97 [2015]; see Guallpa v Canarsie Plaza, LLC, 144 AD3d 1088, 1091 [2d Dept 2016]; Desharnais v Jefferson Concrete Co., Inc., 35 AD3d 1059, 1060 [3d Dept 2006]). We further conclude that, contrary to defendants' contention on their appeal, the court properly denied their motion with respect to the section 241 (6) claim insofar as it alleged a violation of 12 NYCRR 23-9.2 (a) because there are triable issues of fact whether plaintiff's employer had actual notice of a structural defect or unsafe condition regarding the safety bar (see Misicki v Caradonna, 12 NY3d 511, 520-521 [2009]; Shields v First Ave. Bldrs. LLC, 118 AD3d 588, 588-589 [1st Dept 2014]; Salsinha v Malcolm Pirnie, Inc., 76 AD3d 411, 412 [1st Dept 2010]). Finally, we agree with plaintiffs on their cross appeal that the court erred in granting defendants' motion with respect to the section 241 (6) claim insofar as it alleges a violation of 12 NYCRR 23-1.5 (c) (3) because that regulation is sufficiently specific to support a claim under section 241 (6) (see Perez v 286 Scholes St. Corp., 134 AD3d 1085, 1086 [2d Dept 2015]; Becerra v Promenade Apts. Inc., 126 AD3d 557, 558 [1st Dept 2015]).
Entered: May 4, 2018
Mark W. Bennett
Clerk of the Court