Johnson v Lend Lease Constr. LMB, Inc. (2018 NY Slip Op 06004)





Johnson v Lend Lease Constr. LMB, Inc.


2018 NY Slip Op 06004


Decided on September 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2016-05865
 (Index No. 13645/13)

[*1]James Johnson, appellant, 
v
Lend Lease Construction LMB, Inc., et al., respondents.


Siler & Ingber, LLP, Mineola, NY (Ronald Ingber of counsel), for appellant.
Rivkin Radler, LLP, Uniondale, NY (Cheryl F. Korman of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Bernadette Bayne, J.), entered May 4, 2016. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against, among others, the defendant Lend Lease Construction LMB, Inc. (hereinafter Lend Lease), the general contractor and construction manager of a construction project on premises owned by the defendant Columbia University in the City of New York (hereinafter Columbia), to recover damages for violations of Labor Law §§ 200, 240(1), and 241(6), and for common-law negligence arising out of injuries the plaintiff contends he sustained when he was working on the construction project. At the time of the accident, the plaintiff was employed by nonparty Fresh Meadow Mechanical Corp. as a steamfitter. According to the plaintiff, he was working at the premises and fell when he attempted to step up onto a rebar grid located 18 inches above a corrugated steel decking, where he had been standing. The defendants moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion. The plaintiff appeals.
The defendants established, prima facie, their entitlement to judgment as a matter of law dismissing the Labor Law § 240(1) cause of action. The defendants submitted evidence that,
although the plaintiff's foot slipped through openings in the rebar grid, the openings were too small for a person's body to fall through. The plaintiff testified at his deposition that his foot could fit through the openings, but not his entire body. The defendants, therefore, established that the openings of the grid did " not present an elevation-related hazard to which the protective devices enumerated [in Labor Law § 240(1)] are designed to apply'" (Avila v Plaza Constr. Corp., 73 AD3d 670, 671, quoting Rice v Board of Educ. of City of N.Y., 302 AD2d 578, 580). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
The defendants also established, prima facie, their entitlement to judgment as a matter of law dismissing the Labor Law § 241(6) cause of action, which was premised upon alleged violations of 12 NYCRR 23-1.7(b)(1) and (d), (e), and (f). The provision pertaining to "hazardous openings" (12 NYCRR 23-1.7[b][1]) does not apply to openings that are too small for a worker to completely fall through (see Vitale v Astoria Energy II, LLC, 138 AD3d 981, 983; DeLiso v State [*2]of New York, 69 AD3d 786, 787). The defendants also established that 12 NYCRR 23-1.7(d), (e), and (f) are inapplicable to the facts of this case (see Keener v Cinalta Constr. Corp., 146 AD3d 867, 868; Lopez v New York City Dept. of Envtl. Protection, 123 AD3d 982, 984; Francescon v Gucci Am., Inc., 105 AD3d 503, 504). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d at 324).
The defendants also established, prima facie, their entitlement to judgment as a matter of law dismissing the causes of action to recover damages for violation of Labor Law § 200 and for common-law negligence (see Lopez v Edge 11211, LLC, 150 AD3d 1214, 1216; Messina v City of New York, 147 AD3d 748, 749-750). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d at 324).
The plaintiff's contention that the defendants' motion should have been denied to afford him an opportunity to obtain discovery is without merit, as he did not show that further discovery might lead to relevant evidence (see CPLR 3212[f]; Central Mtge. Co. v Jahnsen, 150 AD3d 661, 665; Reynolds v Avon Grove Props., 129 AD3d 932, 933).
Accordingly, we agree with the Supreme Court's determination to grant the defendants' motion for summary judgment dismissing the complaint.
LEVENTHAL, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court