Wittenberg v Long Is. Power Auth. (2024 NY Slip Op 01329)

Wittenberg v Long Is. Power Auth.

2024 NY Slip Op 01329

Decided on March 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2020-00876
2020-00877
 (Index No. 611711/17)

[*1]William Wittenberg, plaintiff-appellant-respondent,
v
Long Island Power Authority, et al., defendants third party-plaintiffs-respondents-appellants; Haugland Energy Group, LLC, third-party defendant-respondent.

Sullivan Papain Block McGrath Coffinas & Cannavo P.C., Garden City, NY (Stephen C. Glasser and Christopher J. DelliCarpini of counsel), for plaintiff- appellant-respondent.
Hannum Feretic Prendergast & Merlino, LLC, New York, NY (Adam S. Oustatcher and Sean M. Prendergast of counsel), for defendants third-party plaintiffs-respondents-appellants.
Fabiani Cohen & Hall, LLP, New York, NY (Kevin B. Pollak, Allison A. Snyder, and Diane Toner of counsel), for third-party defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, and the defendants third-party plaintiffs cross-appeal, from (1) an order of the Supreme Court, Nassau County (Thomas Feinman, J.), entered January 9, 2020, and (2) a judgment of the same court entered January 10, 2020. The order, insofar as appealed from, granted that branch of the third-party defendant's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6), and granted that branch of the defendants third-party plaintiffs' cross-motion which was for summary judgment dismissing the complaint. The order, insofar as cross-appealed from, granted that branch of the third-party defendant's motion which was for summary judgment dismissing the cause of action in the third-party complaint for contractual indemnification, and, in effect, denied that branch of the defendants third-party plaintiffs' cross-motion which was for summary judgment on the cause of action in the third-party complaint for contractual indemnification. The judgment, insofar as appealed from, upon the order, is in favor of the defendants third-party plaintiffs and against the plaintiff dismissing the complaint. The judgment, insofar as cross-appealed from by the defendants third-party plaintiffs, upon the order, is in favor of the third-party defendant and against the defendants third-party plaintiffs dismissing the cause of action in the third-party complaint for contractual indemnification.
ORDERED that the appeal and the cross-appeal from the order are dismissed; and it is further,
ORDERED that the judgment is reversed insofar as appealed and cross-appealed from, on the law, those branches of the third-party defendant's motion which were for summary [*2]judgment dismissing the cause of action alleging a violation of Labor Law § 241(6) and the cause of action in the third-party complaint for contractual indemnification are denied, that branch of the defendants third-party plaintiffs' cross-motion which was for summary judgment dismissing the complaint is denied, the complaint and the cause of action in the third-party complaint for contractual indemnification are reinstated, and the order entered January 9, 2020, is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal and the cross-appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal and the cross-appeal from the order are brought up for review and have been considered on the appeal and the cross-appeal from the judgment (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
The plaintiff, who was employed as a journeyman lineman by the third-party defendant, Haugland Energy Group, LLC (hereinafter Haugland), allegedly was injured in an explosion while working on electrical lines from the aerial bucket of a truck. At the time of the accident, the plaintiff allegedly was working on the electrical lines pursuant to a contract between Haugland and the defendants third-party plaintiffs, Long Island Power Authority, Public Service Enterprise Group, Inc., and PSEG Long Island, LLC (hereinafter collectively the defendants). The plaintiff thereafter commenced this action against the defendants alleging, inter alia, common-law negligence and violations of Labor Law §§ 200 and 241(6). The defendants in turn commenced a third-party action against Haugland seeking, among other things, contractual indemnification.
Pursuant to an order entered February 8, 2019, motions for summary judgment were to be made within 90 days of the filing of the note of issue. On May 6, 2019, the plaintiff filed a note of issue. On August 5, 2019, Haugland moved for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6) and the third-party complaint. On September 20, 2019, the defendants cross-moved for summary judgment dismissing the complaint and on the cause of action in the third-party complaint for contractual indemnification. In an order entered January 9, 2020, the Supreme Court granted Haugland's motion and that branch of the defendants' cross-motion which was for summary judgment dismissing the complaint. The court, in effect, denied that branch of the defendants' cross-motion which was for summary judgment on the cause of action in the third-party complaint for contractual indemnification. A judgment was subsequently entered in favor of the defendants and against the plaintiff dismissing the complaint, and in favor of Haugland and against the defendants dismissing the third-party complaint. The plaintiff appeals, and the defendants cross-appeal.
"Pursuant to CPLR 3212(a), courts have 'considerable discretion to fix a deadline for filing summary judgment motions,' so long as the deadline is not 'earlier than 30 days after filing the note of issue or (unless set by the court) later than 120 days after the filing of the note of issue, except with leave of court on good cause shown'" (Kuyenova v R & M Supermarket, 215 AD3d 940, 941, quoting Brill v City of New York, 2 NY3d 648, 651). Absent a "satisfactory explanation for the untimeliness," constituting good cause for the delay, an untimely summary judgment motion must be denied without consideration of the merits (Brill v City of New York, 2 NY3d at 652; see Kuyenova v R & M Supermarket, 215 AD3d at 941; Navarro v Damac Realty, LLC, 202 AD3d 1100, 1101). However, "[a]n untimely motion or cross motion for summary judgment may be considered by the court where a timely motion was made on nearly identical grounds" (Sikorjak v City of New York, 168 AD3d 778, 780; see Sheng Hai Tong v K & K 7619, Inc., 144 AD3d 887, 890).
Here, the defendants' cross-motion was made more than one month after the expiration of the deadline imposed by the Supreme Court, and the defendants offered no explanation for the delay. Further, those branches of the defendants' cross-motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 did not raise nearly identical issues as Haugland's timely motion, as Haugland's motion did not seek summary judgment with regard to those causes of action (see Sheng Hai Tong v K & [*3]K 7619, Inc., 144 AD3d at 890; Vitale v Astoria Energy II, LLC, 138 AD3d 981, 983). Therefore, the court should have denied those branches of the defendants' cross-motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 as untimely (see Dojce v 1302 Realty Co., LLC, 199 AD3d 647, 650; Sheng Hai Tong v K & K 7619, Inc., 144 AD3d at 890). However, the court properly considered that branch of the cross-motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6), because Haugland's timely motion raised nearly identical issues (see Sheng Hai Tong v K & K 7619, Inc., 144 AD3d at 890).
"Labor Law § 241(6) imposes a nondelegable duty upon owners and contractors to provide reasonable and adequate protection and safety to construction workers" (Aragona v State of New York, 147 AD3d 808, 809 [internal quotation marks omitted]). To establish liability under Labor Law § 241(6), a plaintiff must demonstrate that his or her injuries were proximately caused by a violation of an Industrial Code provision that is applicable under the circumstances of the case (see Zaino v Rogers, 153 AD3d 763, 764; Aragona v State of New York, 147 AD3d at 809).
Here, the defendants and Haugland failed to establish their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of Labor Law § 241(6), which was predicated on 12 NYCRR 23-1.13(b)(3) and (4). 12 NYCRR 23-1.13(b)(3) provides, among other things, that where the performance of the work may bring any person into physical or electrical contact with an electric power circuit, the employer "shall advise his [or her] employees of the locations of such lines, the hazards involved and the protective measures to be taken." 12 NYCRR 23-1.13(b)(4) requires, in pertinent part, that employees who may come into contact with an electric power circuit be protected against electric shock "by de-energizing the circuit and grounding it or by guarding such circuit by effective insulation or other means" (see Snowden v New York City Tr. Auth., 248 AD2d 235, 236). These regulations, which refer to the duty of employers, also impose a duty upon owners (see 12 NYCRR 23-1.3; Rice v City of Cortland, 262 AD2d 770, 773; see also Bardouille v Structure-Tone, Inc., 282 AD2d 635, 636). In this case, the defendants and Haugland failed to demonstrate either that 12 NYCRR 23-1.13(b)(3) and (4) were inapplicable to the facts of this case, or that the alleged violation of these regulations was not a proximate cause of the accident (see Bardouille v Structure-Tone, Inc., 282 AD2d at 636; Snowden v New York City Transit Auth., 248 AD2d at 237; cf. Rubino v 330 Madison Co., LLC, 150 AD3d 603, 604). Since Haugland and the defendants failed to make a prima facie showing, those branches of their respective motion and cross-motion which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6) should have been denied, without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Haugland failed to establish its prima facie entitlement to judgment as a matter of law dismissing the cause of action in the third-party complaint for contractual indemnification. Haugland failed to eliminate triable issues of fact as to whether its negligence contributed to the accident. To the extent Haugland argues that the plaintiff was negligent, the plaintiff's negligence may be imputed to Haugland as his employer for purposes of determining liability for contractual indemnification (see Ginter v Flushing Terrace, LLC, 121 AD3d 840; Mercado v Caithness Long Is. LLC, 104 AD3d 576, 578). Accordingly, the Supreme Court should have denied that branch of Haugland's motion which was for summary judgment dismissing the cause of action in the third-party complaint for contractual indemnification.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., CHAMBERS, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court