Gomez v Tilden Estates, LLC (2025 NY Slip Op 04706)

Gomez v Tilden Estates, LLC

2025 NY Slip Op 04706

Decided on August 20, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 20, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2024-04352
 (Index No. 524810/18)

[*1]Yeison Moncion Gomez, respondent,
v
Tilden Estates, LLC, et al., appellants.

Lewis Brisbois Bisgaard & Smith, LLP, New York, NY (Jung Hoon Yang and Nicholas Hurzeler of counsel), for appellants.
Elefterakis, Elefterakis & Panek (Pollack Pollack Isaac & DeCicco, LLP, New York, NY [Joshua Block], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated May 8, 2024. The order (1) granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6), (2) in effect, granted that branch of the plaintiff's motion which was, in effect, for summary judgment dismissing the defendants' first affirmative defense, and (3) denied the defendants' cross-motion for summary judgment dismissing the complaint.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) and substituting therefor a provision denying those branches of the motion, and (2) by deleting the provision thereof, in effect, granting that branch of the plaintiff's motion which was, in effect, for summary judgment dismissing the defendants' first affirmative defense and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
On November 20, 2018, the plaintiff allegedly was injured while working on a construction project at certain premises owned by the defendant Tilden Estates, LLC. The project was managed by the general contractor, the defendant LG Construction Management, Inc. At the time of the accident, the plaintiff, an employee of a subcontractor, nonparty Veebee Cooling, was carrying an air conditioning compressor unit up a staircase to the roof of the premises with a coworker. The plaintiff allegedly was injured when he slipped on dust present on the steps, resulting in the plaintiff falling backward and the equipment he had been carrying landing on the plaintiff.
In December 2018, the plaintiff commenced this action against the defendants to recover damages for personal injuries, asserting causes of action alleging common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6). In December 2022, the plaintiff moved for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) and, in effect, dismissing the defendants' first affirmative defense, alleging [*2]comparative negligence. In an amended notice of motion, the plaintiff asserted that the Labor Law § 241(6) cause of action was predicated on violations of 12 NYCRR 23-1.7(d) and (e). In May 2023, the defendants cross-moved for summary judgment dismissing the complaint. In an order dated May 8, 2024, the Supreme Court (1) granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6), (2) in effect, granted that branch of the plaintiff's motion which was, in effect, for summary judgment dismissing the defendants' first affirmative defense, alleging comparative negligence, and (3) denied the defendants' cross-motion for summary judgment dismissing the complaint. The defendants appeal.
Pursuant to CPLR 3212(a), courts have "considerable discretion to fix a deadline for filing summary judgment motions" (Brill v City of New York, 2 NY3d 648, 651), so long as the deadline is not "earlier than 30 days after filing the note of issue or (unless set by the court) later than 120 days after the filing of the note of issue, except with leave of court on good cause shown" (id.; see CPLR 3212[a]; Lanza v M-A-C Home Design & Constr. Corp., 188 AD3d 855, 856). "'In Kings County, a party is required to make its motion for summary judgment no more than 60 days after the note of issue is filed, unless it obtains leave of the court on good cause shown'" (Munoz v Agenus, Inc., 207 AD3d 643, 644 [internal quotation marks omitted], quoting Gonzalez v Pearl, 179 AD3d 645, 646). Absent a "satisfactory explanation for the untimeliness," constituting good cause for the delay, an untimely summary judgment motion must be denied without consideration of the merits (Brill v City of New York, 2 NY3d at 652; see Wittenberg v Long Is. Power Auth., 225 AD3d 730, 732). "However, '[a]n untimely motion or cross motion for summary judgment may be considered by the court where a timely motion was made on nearly identical grounds'" (Wittenberg v Long Is. Power Auth., 225 AD3d at 732, quoting Sikorjak v City of New York, 168 AD3d 778, 780).
Here, the defendants' cross-motion was made approximately seven months after the note of issue was filed, and the defendants offered no explanation for the delay. Since the plaintiff moved for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6), the Supreme Court providently exercised its discretion in considering the merits of those branches of the defendants' cross-motion which were for summary judgment dismissing those causes of action (see Lewinski v City of New York, 229 AD3d 456, 458). However, those branches of the defendants' cross-motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 were not made on nearly identical grounds to the plaintiff's motion for summary judgment (see Sheng Hai Tong v K & K 7619, Inc., 144 AD3d 887, 890; Vitale v Astoria Energy II, LLC, 138 AD3d 981, 983). Thus, the court should not have considered those branches of the defendants' cross-motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 on the merits (see Dojce v 1302 Realty Co., LLC, 199 AD3d 647, 650; Sheng Hai Tong v K & K 7619, Inc., 144 AD3d at 890).
"[T]he extraordinary protections of Labor Law § 240(1) extend only to a narrow class of special hazards, and do 'not encompass any and all perils that may be connected in some tangential way with the effects of gravity'" (Nieves v Five Boro A.C. & Refrig. Corp., 93 NY2d 914, 915-916, quoting Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501). Rather, the statute was designed to prevent accidents in which a protective device "'proved inadequate to shield the injured worker from harm directly flowing from the application of the force of gravity to an object or person'" (Runner v New York Stock Exch., Inc., 13 NY3d 599, 604, quoting Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d at 501). "In determining whether a plaintiff is entitled to the extraordinary protections of Labor Law § 240(1), the 'single decisive question is whether plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential'" (Chuqui v Amna, LLC, 203 AD3d 1018, 1020, quoting Runner v New York Stock Exch., Inc., 13 NY3d at 603).
Here, the plaintiff failed to establish his prima facie entitlement to judgment as a matter of law on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) by demonstrating that his alleged injuries were the direct consequence of an elevation-related or gravity-related risk encompassed by Labor Law § 240(1) (see Sullivan v New York Athletic Club [*3]of City of N.Y., 162 AD3d 950, 953). The plaintiff testified at his deposition that he fell, resulting in the air conditioning compressor unit landing on him, due to slipping on dust on the steps. Thus, the plaintiff failed to eliminate triable issues of fact as to whether his alleged injuries were caused by a "separate hazard . . . unrelated to any elevation risk" (Nicometi v Vineyards of Fredonia, LLC, 25 NY3d 90, 99). Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1), without regard to the sufficiency of the defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
However, the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of Labor Law § 240(1). The plaintiff testified that he was instructed to carry equipment, which "weighed a lot" and was "bigger than the sizes I am used to seeing," up the stairs from the ground floor of the four-story building to the roof, which required "some maneuvering" to "find a way" to make turns, without any other available means of bringing the equipment to the roof. Consequently, the defendants failed to eliminate triable issues of fact as to whether the plaintiff was engaged in elevation-related work that required additional safety devices to be safely performed, and whether the plaintiff's alleged injuries were caused by the absence of such safety devices (see Ramones v 425 County Rd., LLC, 217 AD3d 977, 979). Moreover, under the circumstances of this case, the defendants failed to establish, prima facie, that the plaintiff was not entitled to the protections of Labor Law § 240(1) because the accident occurred on a permanent stairway (see DaSilva v Toll GC LLC, 224 AD3d 540, 541; Gory v Neighborhood Partnership Hous. Dev. Fund Co., Inc., 113 AD3d 550, 550-551). Accordingly, the Supreme Court properly denied that branch of the defendants' cross-motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1), without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
"Labor Law § 241(6) imposes a nondelegable duty upon owners and contractors to provide reasonable and adequate protection and safety to construction workers" (Aragona v State of New York, 147 AD3d 808, 809 [internal quotation marks omitted]). "To establish liability under Labor Law § 241(6), a plaintiff . . . must demonstrate that his [or her] injuries were proximately caused by a violation of an Industrial Code provision that is applicable under the circumstances of the case" (Verdi v SP Irving Owner, LLC, 227 AD3d 932, 936 [internal quotation marks omitted]; see Stewart v Brookfield Off. Props., Inc., 212 AD3d 746, 746).
Here, the plaintiff failed to establish his prima facie entitlement to judgment as a matter of law on the issue of liability on the cause of action alleging a violation of Labor Law § 241(6). The plaintiff failed to establish, prima facie, that 12 NYCRR 23-1.7(d), which protects workers from slipping hazards, was applicable to the type of substance upon which he allegedly slipped (see Verdi v SP Irving Owner, LLC, 227 AD3d at 936). Moreover, the plaintiff failed to establish, prima facie, that 12 NYCRR 23-1.7(e), which protects workers from tripping hazards, was applicable under the circumstances of this case, as the plaintiff testified that he "slipped" on dust on the stairs (see Shewprasad v KSK Constr. Group, LLC, 231 AD3d 762, 763). Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 241(6), without regard to the sufficiency of the defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
However, the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of Labor Law § 241(6). Although the defendants established, prima facie, that 22 NYCRR 23-1.7(e) was inapplicable to the facts of this case (see Dyszkiewicz v City of New York, 218 AD3d 546, 549), they failed to eliminate triable issues of fact as to the applicability of 22 NYCRR 23-1.7(d). The list of slipping hazards enumerated under 22 NYCRR 23-1.7(d) is not exhaustive, and that provision applies to "any other foreign substance which may cause slippery footing" when in contact with a surface where someone walks (see Bazdaric v Almah Partners LLC, 41 NY3d 310, 320). In light of the plaintiff's testimony that the stairs were "slippery" due to the dust on the steps, the defendants failed to eliminate triable [*4]issues of fact as to whether the dust on the steps created a slippery condition within the meaning of 22 NYCRR 23-1.7(d) (see Ruisech v Structure Tone Inc., 42 NY3d 1061, 1065; DeMercurio v 605 W. 42nd Owner LLC, 172 AD3d 467). Accordingly, the Supreme Court properly denied that branch of the defendants' cross-motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6), without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
Furthermore, the plaintiff failed to establish his prima facie entitlement to judgment as a matter of law dismissing the defendants' first affirmative defense, alleging comparative negligence, merely by "pointing to [purported] gaps in [his] opponent's proof" (C. M. v West Babylon Union Free Sch. Dist., 231 AD3d 809, 810 [internal quotation marks omitted]). Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was, in effect, for summary judgment dismissing the defendants' first affirmative defense, alleging comparative negligence, without regard to the sufficiency of the defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
The parties' remaining contentions need not be reached in light of our determination.
IANNACCI, J.P., WOOTEN, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court