| |
|---|
| **Figueiredo v New Line Structures Inc.** |
| 2026 NY Slip Op 30705(U) |
| February 24, 2026 |
| Supreme Court, Kings County |
| Docket Number: Index No. 514948/20 |
| Judge: Steven Z. Mostofsky |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Term, Part 9 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at 360 Adams Street, Brooklyn, New York, on the 24 day of February, 2026.

PRESENT:

HON. STEVEN Z. MOSTOFSKY,
             Justice.

---------------------------------------------------X

WESLEY FIGUEIREDO,

             Plaintiff,

        -against-

NEW LINE STRUCTURES INC., and
BOP GREENPOINT D, LLC,

             Defendants.

---------------------------------------------------X

**DECISION AND ORDER**

Index No. 514948/20

Mot. Seq. Nos. 5-6

The following e-filed papers read herein:

| | NYSCEF Doc Nos.: |
|---|---|
| Notice of Motion, Affirmations, and Exhibits Annexed | 73-85; 94-103 |
| Affirmations in Opposition and Exhibits Annexed | 107-111; 112-116 |
| Reply Affirmations | 119; 120 |

In this action to recover damages for personal injuries, plaintiff Weslley Figueiredo (incorrectly suing herein as Wesley Figueiredo) moved for partial summary judgment on the issue of liability on his Labor Law § 241 (6) claim, as predicated on the alleged violations of Industrial Code § 23-1.7 (d) and (e) (2), whereas defendants New Line Structures & Development LLC, doing business as New Line Structures (incorrectly sued herein as New Line Structures Inc.) (NLS), and BOP Greenpoint D, LLC (BOP; collectively with NLS, defendants), cross-moved for summary judgment dismissing the entirety of plaintiff's Labor Law § 241 (6) claim, as predicated on the alleged violations of Industrial Code §§ 23-1.5, 23-1.7 (d) and (e) (2), 23-2.1, 23-2.2, and 23-3.3.

[* 1]

## Background

Plaintiff pleads causes of action premised on (among other legal theories) Labor Law § 241 (6), as predicated on the alleged violations of Industrial Code §§ 23-1.5, 23-1.7, 23-2.1, 23-2.2, and 23-3.3,[1] arising from the injuries he allegedly sustained, while working in the basement of a building under construction located at 221 West Street in the Greenpoint section of Brooklyn, New York (the building). Defendant NLS was the construction manager for the project, and defendant BOL was the owner of the building. NLS hired nonparty subcontractor Highbury Concrete, Inc. (Highbury), which employed plaintiff as a carpenter on the project.

At the time and place of the accident (July 13, 2020), plaintiff was carrying on his right shoulder a metal form measuring eight feet in length and two feet in width from one area of the basement to another. With the metal form obstructing his vision, plaintiff "did not see the plywood," as he "slipped [and fell] on [the] plywood form" (with "another plywood [lying] underneath") on the basement floor. Plaintiff testified that the "piece" of plywood on which he slipped and fell was part of "a pile of debris," which "was all spread out on the ground [of the basement floor]," in such a way and he would not have "be[en] able to avoid it." Somewhat at odds with the foregoing, plaintiff testified that: (1) "[i]f [he] had seen the plywood on the ground, [he] would have avoided it"; (2) "[t]here was no . . . pile of debris [in the exact spot where he slipped; rather], [the debris] was all spread out on the ground;" and (3) "[the pile] was . . . [lying on the basement floor] for a long time" and "had no function [or purpose]."[2]

---

[1] Verified Complaint, dated August 14, 2020, ¶ 13; Verified Bill of Particulars, dated December 4, 2020, ¶¶ 21-22 (NYSCEF Doc Nos. 75 and 77, respectively).

[2] Plaintiff's EBT transcript, page 113, lines 18-19; page 114, lines 5-6 and 11; page 115, lines 4-5; page 116, lines 2-4 and 8-9; page 117, lines 16-17; page 118, lines 4-5 and 10-11; page 119, lines 16-18 and 22; page 121, lines 4-5; page 122, lines 22-24; page 123, lines 6-7, 11-12, and 23-24 (NYSCEF Doc No. 79).

2

[* 2]

Another inconsistency in his pretrial testimony is the distance which he allegedly walked before his slip and fall. At his initial EBT session, plaintiff testified that he walked "about maybe . . . ten steps" "when [he] made the left [turn]" and "there was some plywood on the floor; and it was [there] that [his accident] happened." At his subsequent EBT session, however, he testified that "as soon as [he] picked . . . up [the metal form which he placed over his right shoulder] and move[d] [his] other foot, [he] slipped [and fell]."[3] When questioned about this discrepancy at his subsequent EBT session, plaintiff denied walking "approximately ten steps" before his accident. Rather, he clarified that he "walked and turned to the left[,] and it was [there] when he fell," meaning that the site of his accident was "[n]ot very near" to the start of his walk.[4] Consistent with his thus-clarified testimony that he walked only a short distance before the accident, plaintiff noted (at his initial EBT session) that "[w]hen [he] was removing the [metal] form, [he] was standing on regular concrete," but that "[t]here was a lot of plywood that . . . had been left there."[5]

As the result of the accident, plaintiff fell on his buttocks in the sitting position, still holding onto the metal form he had been carrying.[6] Although he testified that he had not worked at the job site since his Monday, July 13, 2020, accident, the timesheets which were

---

When important testimony of the only deposed, non-English-speaking witness to the accident is taken with the aid of an interpreter (here, a Brazilian-Portuguese translator), his or her relevant answers must be accurately reproduced in the court's decision. Plaintiff's pretrial testimony as to how his accident happened is the only admissible evidence in this regard. The translated affidavit of plaintiff's coworker Janes Matos De Oliveira is inadmissible because the translator's affidavit is that of the *manager* of the translation services, rather than of the *individual who actually translated De Oliveira's affidavit* (see Legal Language Services, October 19, 2022, "To Whom It May Concern" letter stating, in relevant part, "Maria Victoria Portuguez, Manager with this company, certifies that Felipe Cerdeira, who translated this document, is fluent in Portuguese and standard North American English[,] and qualified to translate" (part of NYSCEF Doc No. 80). Further, Maria Victoria Portuguez, rather than Felipe Cerdeira, signed the translator's affidavit.

[3] *Compare* Plaintiff's EBT transcript, page 101, lines 9-12 and 20-23 (the initial EBT session), *with* page 123, lines 21-24 (the subsequent EBT session).

[4] Plaintiff's EBT transcript, page 124, line 25 to page 125, line 7; page 125, lines 15-19.

[5] Plaintiff's EBT transcript, page 99, lines 17-19.

[6] Plaintiff's EBT transcript, page 128, line 19 to page 130, line 20.

3

[* 3]

introduced for identification at his pretrial deposition reflected that he was working at the job site (at least, on the books) for an additional five days of Tuesday through Friday of July 14, 2020 to July 17, 2020, as well as on the following Monday, July 20, 2020.[7] As he conceded in his pretrial testimony, "[o]ver there [*i.e.*, at this job site,] it was a mess, everyone would punch the [time] card for anyone [else]."[8]

When he reached his home in New Jersey, plaintiff reported the accident to his supervisor, either by cell phone or by text.[9] Currently, plaintiff is receiving workers' compensation benefits from Highbury for his accident-related, orthopedic injuries.

Approximately one month after the accident, on August 14, 2020, plaintiff commenced this action. Defendants joined issue. After discovery was completed and a note of issue was filed, plaintiff timely moved for partial summary judgment on the issue of liability on his Labor Law § 241 (6) claim, as predicated on the alleged violations of Industrial Code § 23-1.7 (d) and (e) (2). Thereafter and beyond the 60-day, post-Note of Issue deadline for moving for summary judgment,[10] defendants belatedly cross-moved for summary judgment dismissing the entirety of plaintiff's Labor Law § 241 (6) claim. On February 5, 2026, the Court reserved decision on the instant motion and cross-motion.

## Discussion

Contrary to defendants' contention, plaintiff's failure to specifically identify subsections (d) and (e) (2) of Industrial Code § 23-1.7 in his complaint and/or bill of

---

[7] Plaintiff's EBT transcript, page 52, line 20 to page 60, line 10.

[8] Plaintiff's EBT transcript, page 135, lines 12-13.

[9] Plaintiff's EBT transcript, page 136, lines 20-22; page 136, line 24 to page 137, line 3; page 137, lines 23-24.

[10] *See* Kings County Supreme Court Uniform Civil Term Rules, Part C, ¶ 6.

4

particulars is not fatal to his claims (*see Sheng Hai Tong v K&K 7619, Inc.*, 144 AD3d 887, 889 [2d Dept 2016]; *Doto v Astoria Energy II, LLC*, 129 AD3d 660, 664 [2d Dept 2015]). Plaintiff's belated assertion of the alleged violations of subsections (d) and (e) (2) of Industrial Code § 23-1.7 can be properly considered, since they involve no new factual allegations, raise no new theories of liability, and cause no prejudice or surprise to defendants. Rather, defendants were put on sufficient notice that the Labor Law § 241 (6) claim, as predicated on the alleged violations of Industrial Code § 23-1.7 (d) and (e) (2),[11] related to the slipping and tripping hazards through plaintiff's deposition testimony and his bill of particulars (*see Simmons v City of New York*, 165 AD3d 725, 729 [2d Dept 2018]; *Klimowicz v Powell Cove Assoc., LLC*, 111 AD3d 605, 607 [2d Dept 2013]).

On the merits, plaintiff is *not* entitled to partial summary judgment on the issue of liability on his Labor Law § 241 (6) claim, as predicated on the alleged violation of Industrial Code § 23-1.7 (d). Conversely, defendants *are* entitled to summary judgment dismissing plaintiff's Labor Law § 241 (6) claim, as predicated on the alleged violation of Industrial Code § 23-1.7 (d).

Industrial Code § 23-1.7 (d) requires that "[e]mployers shall not suffer or permit any employee to use a floor, passageway, walkway, scaffold, platform or other elevated working surface which is in a slippery condition." In particular, "[i]ce, snow, water, grease and any other *foreign substance* which may cause slippery footing shall be removed, sanded or covered to provide safe footing" (*id.*) (emphasis added). Here, Industrial Code § 23-1.7 (d) is inapplicable because the plywood and other debris on which plaintiff slipped was not the type

---

[11] As noted, plaintiff alleged in his complaint and bill of particulars a violation of (among others) Industrial Code § 23-1.7, albeit without specifying the particular subsections at issue.

5

[* 5]

of foreign substance contemplated by this provision (*see Verdi v SP Irving Owner, LLC,* 227 AD3d 932, 934, 936 [2d Dept 2024]; *Salinas v Barney Skanska Const. Co.,* 2 AD3d 619, 622 [2d Dept 2003]).[12]

Further on the merits, neither side is entitled to summary judgment on plaintiff's Labor Law § 241 (6), as predicated on the alleged violation of Industrial Code § 1.7 (e) (2). Industrial Code § 23-1.7 (e) (2) requires that "[t]he parts of floors, platforms and similar areas where persons work or pass . . . be kept free from accumulations of dirt and debris and from scattered tools and materials and from sharp projections insofar as may be consistent with the work being performed." There is a question of fact as to whether the plywood on which plaintiff slipped[13] was created by (and was, by extension, integral to) the form-stripping work he and his coworkers were performing, or were preparing to perform (*see Collay v Press Builders, Inc.,* 2025 WL 2693573 [Sup Ct, Kings County 2025, Devin Cohen, J.]). As noted, plaintiff testified that "[t]here was a lot of plywood that . . . had been left" in (or near) the area where he was removing the metal form.[14]

---

[12] *Cf. Bazdaric v Almah Partners LLC,* 41 NY3d 310, 319 (2024) (a slippery *plastic covering* in the escalator area where plaintiff was assigned to paint was a substance "foreign" to the escalator and was not integral to his paint-job assignment); *Gomez v Tilden Estates, LLC,* 241 AD3d 791, 796 (2d Dept 2025) ("In light of the plaintiff's testimony that the stairs were 'slippery' due to the *dust* on the steps, the defendants failed to eliminate triable issues of fact as to whether the *dust* on the steps created a slippery condition within the meaning of 22 NYCRR 23-1.7 [d].") (emphasis added). Notably, in deciding *Verdi* (cited in the text above), the Second Judicial Department did not address the Court of Appeals' earlier decision in *Bazdaric* (*see Villa-Farez v 840 Fulton, LLC,* 82 Misc 3d 1251[A], 2024 NY Slip Op 50591[U], *3 n 3 [Sup Ct, Kings County 2024, Maslow, J.]). In *Villa-Farez,* Justice Aaron Maslow of this court found (at pages *3-4) "a factual issue as to whether the piece of wood on which plaintiff claims to have slipped was the result of ongoing work being performed by the carpenters, and thus whether the wood may be deemed integral to the work being performed," after the court credited plaintiff's foreman's pretrial testimony that "the carpenter's drywall taping work was performed between the time he [the foreman] left the building to check on another job[]site and when he returned to the building following the accident and observed drywall debris on the stairs."

[13] The former distinction between "tripping" and "slipping" as the respective triggers for the application of §§ 23-1.7 (d) and 23-1.7 (e), was eliminated by the Court of Appeals in *Ruisech v Structure Tone Inc.,* 42 NY3d 1061, 1065 (2024), *rearg denied* 43 NY3d 939 (2025).

[14] Plaintiff's EBT transcript, page 99, lines 17-19.

6

[* 6]

The remaining branch of defendants' cross-motion which is for summary judgment dismissing plaintiff's Labor Law § 241 (6) claim, as predicated on the alleged violations of Industrial Code §§ 23-1.5, 23-2.1, 23-2.2, and 23-3.3, is *denied as untimely*. The issues raised in the *remainder* of defendants' cross-motion were not nearly identical to the issues raised in plaintiff's timely motion (*see Vitale v Astoria Energy II, LLC*, 138 AD3d 981, 983-984 [2d Dept 2016]; *see also Dojce v 1302 Realty Co., LLC*, 199 AD3d 647, 650 [2d Dept 2021]).

The court considered the parties' remaining contentions and found them either unavailing or moot in light of its determination.

Accordingly, it is

ORDERED that plaintiff's motion for partial summary judgment on the issue of liability on his Labor Law § 241 (6) claim, as predicated on the alleged violations of Industrial Code § 23-1.7 (d) and (e) (2) is *denied in its entirety*; and it is further

ORDERED that defendants' cross-motion for partial summary judgment dismissing plaintiff's Labor Law § 241 (6) claim, as predicated on the alleged violations of Industrial Code §§ 23-1.5, 23-1.7 (d) and (e) (2), 23-2.1, 23-2.2, and 23-3.3, is *granted solely to the extent* that plaintiff's Labor Law § 241 (6) claim, as predicated on the alleged violation of Industrial Code § 23-1.7 (d), is *dismissed*, and the remainder of their cross-motion is denied.

Plaintiff's counsel must electronically serve a copy of this Decision and Order with notice of entry on defendants' counsel and electronically file an affidavit thereof with the Kings County Clerk.

The parties are reminded of their next scheduled, in person appearance in JCP-1 on March 30, 2026 at 10 a.m.

The Park Clerk is directed to correct the docket to reflect the correct spelling of plaintiff's last name as Figueiredo in place of Figueirido.

The above is the court's Decision and Order.

ENTER:

_____

Hon. Steven Z. Mostofsky
Justice, Supreme Court

8

[* 8]