■ Joseph Jennosa, Respondent, v Vermeer Manufacturing Company et al., Defendants, and Nicholas Governale, Appellant. (And Third-Party Actions.) [883 NYS2d 276]—

In an action to recover damages for personal injuries, the defendant Nicholas Governale appeals from so much of an order of the Supreme Court, Suffolk County (Pitts, J.), dated January 31, 2008, as denied those branches of his motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 and granted that branch of the plaintiff's cross motion which was pursuant to CPLR 3126 to strike his answer to the extent of precluding him from offering certain evidence at trial and allowing an adverse inference charge against him.

Ordered that the order is reversed insofar as appealed from, on the law, the facts, and in the exercise of discretion, with costs, those branches of the motion of the defendant Nicholas Governale which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 are granted, and that branch of the plaintiff's cross motion which was pursuant to CPLR 3126 to strike the answer of the defendant Nicholas Governale is denied in its entirety.

On April 19, 2003 the plaintiff, who was employed by the

third-party defendant Dunne in the Sun, Inc. (hereinafter Dunne), was injured while operating a "stump grinder" in the yard of the residential premises owned by the defendant Nicholas Governale. While grinding a stump, the plaintiff unearthed a hose that had become entangled in the stump grinder. The plaintiff did not shut down the engine of the stump grinder, but rather reached down to remove the hose, at which time his hand came in contact with the "cutter wheel" or "cutting wheel." The plaintiff's hand had to be amputated as a result of his injuries.

Labor Law § 200 is a codification of a landowner's common-law duty to provide workers with a reasonably safe place to work (*see Lombardi v Stout,* 80 NY2d 290, 294 [1992]; *Hunter v R.J.L. Dev., LLC,* 44 AD3d 822, 825 [2007]). This Court has held that "if the plaintiff was injured in whole or in part as a result of the existence of a dangerous condition on [the defendant's] property, of which [the defendant] had actual or constructive notice, it may be held liable for the plaintiff's injuries under Labor Law § 200 and common-law negligence irrespective of whether [the defendant] supervised the plaintiff's work" (*Kerins v Vassar Coll.,* 15 AD3d 623, 626 [2005]; *see Payne v 100 Motor Parkway Assoc., LLC,* 45 AD3d 550, 553 [2007]).

The Supreme Court should have granted those branches of Governale's motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200. Governale sustained his burden of demonstrating, prima facie, that he had no actual or constructive notice of the alleged dangerous condition on his premises. In opposition, the plaintiff failed to raise a triable issue of fact.

Moreover, under the circumstances of this case, Governale's loss of the undeveloped film of the post-accident scene did not warrant the Supreme Court's determination that he was precluded from offering certain evidence at trial and allowing an adverse inference charge against him. "When a party negligently [loses] or intentionally destroys key evidence, thereby depriving the non-responsible party from being able to prove its claim or defense, the responsible party may be sanctioned by the striking of its pleading" (*Utica Mut. Ins. Co. v Berkoski Oil Co.,* 58 AD3d 717, 718 [2009]). However, "[w]here the evidence lost is not central to the case or its destruction is not prejudicial, a lesser sanction, or no sanction, may be appropriate" (*Klein v Ford Motor Co.,* 303 AD2d 376, 377 [2003]). Contrary to the plaintiff's contentions, the post-accident photographs that were lost by Governale were not central to the

case, and the loss did not prejudice the plaintiff in opposing Governale's motion for summary judgment, or otherwise. The plaintiff himself testified that he inspected the premises prior to commencing his work and that the underground hose only became visible after it was entangled in the stump grinder. Thus, any contention that the post-accident photographs would have depicted conditions demonstrating that Governale had constructive notice of the alleged dangerous condition is speculative. Under these circumstances, Governale's loss of the post-accident photographs did not warrant the imposition of a sanction. Santucci, J.P., Covello, Leventhal and Belen, JJ., concur.