Luan Zholanji v 52 Wooster Holdings, LLC (2020 NY Slip Op 07125)





Luan Zholanji v 52 Wooster Holdings, LLC


2020 NY Slip Op 07125


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2018-13961
 (Index No. 512897/16)

[*1]Luan Zholanji, respondent, 
v
52 Wooster Holdings, LLC, et al., appellants (and third-party actions).


James J. Toomey, New York, NY (Evy L. Kazansky of counsel), for appellants.
Keogh Crispi, P.C., New York, NY (Pat James Crispi of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated October 25, 2018. The order denied the defendants' motion for summary judgment dismissing the amended complaint and granted the plaintiff's cross motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6), and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
In July 2016, the plaintiff commenced this action to recover damages for injuries he alleged he sustained earlier that same month when he was working as a junior mechanic for a plumbing subcontractor at a construction site in Manhattan. The defendant 52 Wooster Holdings, LLC, was the property owner, and the defendant Foremost Contracting & Building, LLC, was the general contractor for the site. The plaintiff alleged violations of Labor Law §§ 200, 240(1), and 241(6), as well as common-law negligence.
According to the plaintiff, on the day at issue, in order to retrieve tools stored inside the interior framing of the ceiling at the site, his supervisor instructed him to climb a closed A-frame ladder, positioned by his superiors, that was leaning against two metal wall frame studs at the construction site. The plaintiff alleged that he was near the top of the ladder when one of the metal wall frame studs that the ladder was leaning against detached from the steel tracking that it was affixed to, causing him and the ladder to fall.
The defendants moved for summary judgment dismissing the amended complaint. The plaintiff did not oppose that branch of the motion which was for summary judgment dismissing the Labor Law § 241(6) cause of action but cross-moved for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action. In an order dated October 25, 2018, the Supreme Court denied the defendants' motion and granted the plaintiff's cross motion. The [*2]defendants appeal.
Labor Law § 240(1) imposes a nondelegable duty and absolute liability upon owners and general contractors for failing to provide safety devices necessary to protect workers from risks inherent in elevated work sites when that failure is a proximate cause of a plaintiff's injuries (see Von Hegel v Brixmor Sunshine Sq., LLC, 180 AD3d 727, 728; Canas v Harbour at Blue Point Home Owners Assn., Inc., 99 AD3d 962, 963). "Whether a device provides proper protection is a question of fact, except when the device collapses, moves, falls, or otherwise fails to support the plaintiff and his or her materials" (Melchor v Singh, 90 AD3d 866, 868; see Von Hegel v Brixmor Sunshine Sq., LLC, 180 AD3d at 729). Specifically, with regard to accidents involving ladders, "liability will be imposed when the evidence shows that the subject ladder was . . . inadequately secured and that . . . the failure to secure the ladder, was a substantial factor in causing the plaintiff's injuries" (Canas v Harbour at Blue Point Home Owners Assn., Inc., 99 AD3d at 963 [internal quotation marks omitted]; see Von Hegel v Brixmor Sunshine Sq., LLC, 180 AD3d at 729).
Here, the plaintiff established, prima facie, his entitlement to judgment as a matter of law on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). In support of his cross motion, the plaintiff submitted his affidavit and his uncontroverted deposition testimony that the accident occurred because the ladder was not properly secured (see Jimenez v RC Church of Epiphany, 85 AD3d 974, 975; Rico-Castro v Do & Co N.Y. Catering, Inc., 60 AD3d 749, 750). In opposition, the defendants failed to raise a triable issue of fact. The defendants' contention that the plaintiff was negligent in using the A-frame ladder in a closed position does not establish that he was the sole proximate cause of his injuries, especially where, as here, there was evidence that the plaintiff was "following the example of his coworkers and acting with the tacit approval of his superior" (Rico-Castro v Do & Co N.Y. Catering, Inc., 60 AD3d at 750; see Gillett v City of New York, 165 AD3d 1064, 1064). Accordingly, we agree with the Supreme Court's determination granting the plaintiff's cross motion and denying that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1).
We also agree with the Supreme Court's determination denying that branch of the defendants' motion which was for summary judgment dismissing the causes of action alleging negligence and a violation of Labor Law § 200. The defendants failed to establish, prima facie, that they did not have actual or constructive notice of the alleged dangerous condition at the location, to wit, an inadequately secured ladder (see Moscati v Consolidated Edison Co. of N.Y., Inc., 168 AD3d 717, 720). The failure to make a prima facie showing required denial of this branch of the defendants' motion without regard to the sufficiency of the plaintiff's papers in opposition (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
However, the Supreme Court should have granted the unopposed branch of the defendants' motion which was for summary judgment dismissing the Labor Law § 241(6) cause of action, as the plaintiff failed to raise a triable issue of fact in opposition to the defendants' prima facie showing that the Industrial Code provision relied upon by the plaintiff is inapplicable (see Morgan v Neighborhood Partnership Hous. Dev. Fund Co., Inc., 50 AD3d 866, 867).
The defendants' remaining contentions are without merit.
CHAMBERS, J.P., ROMAN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court