Crawford v 14 E. 11th St., LLC (2021 NY Slip Op 00791)





Crawford v 14 E. 11th St., LLC


2021 NY Slip Op 00791


Decided on February 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 09, 2021

Before: Manzanet-Daniels, J.P., Gische, Scarpulla, Shulman, JJ. 


Index No. 22820/14E Appeal No. 13086 Case No. 2020-01496 

[*1]Paul Crawford, Plaintiff-Appellant-Respondent,
v
14 East 11th Street, LLC, et al., Defendants-Respondents, Everest Scaffolding, Inc., Defendant-Respondent-Appellant. [And Other Actions]


Pollack, Pollack, Isaac & DeCicco LLP, New York (Brian J. Isaac of counsel), for appellant-respondent.
Fuchs Rosenzweig, PLLC, New York (Alicia Sklan of counsel), for Everest Scaffolding, Inc., respondent.
Cuomo, LLC, Mineola (Steven R. Engrassia of counsel), for 14 East 11th Street, LLC, respondent.
Perry, Van Etten Rozanski & Kutner, LLP, Melville (Geoffrey H. Pforr of counsel), for Hilux Construction Co., LLC, respondent.



Order, Supreme Court, Bronx County (George J. Silver, J.), entered September 20, 2019, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for partial summary judgment on the Labor Law § 240(1) claim, and denied defendant Everest Scaffolding, Inc.'s cross motion for summary judgment dismissing the complaint and all cross claims against it and on its claims for contractual indemnification and breach of contract against defendant Hilux Construction Co., LLC, unanimously affirmed, without costs.
Partial summary judgment in plaintiff's favor on the Labor Law § 240(1) claim is precluded by issues of fact as to how the accident occurred, including whether it was a piece of cross bracing or a walking plank that broke, and whether plaintiff's climbing on the scaffold's cross bracing instead of using the scaffold's stairs when moving between platform levels was its sole proximate cause (Biaca-Neto v Boston Rd. II Hous. Dev. Fund Corp., 34 NY3d 1166, 1168 [2020]).
Everest's cross motion for summary judgment was correctly denied as untimely, and without consideration of the merits, since it was filed after the applicable deadline and Everest failed to show good cause for the delay (see Brill v City of New York, 2 NY3d 648 [2004]). The motion was not a true cross motion, since plaintiff did not move against Everett (see Kershaw v Hospital for Special Surgery, 114 AD3d 75, 87-88 [1st Dept 2013]), and did not raise issues "nearly identical" to those raised by plaintiff in his timely motion (Rubino v 330 Madison Co., LLC, 150 AD3d 603, 604 [1st Dept 2017] [internal quotation marks omitted]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 9, 2021