Yi Jiang Pai v Nelson Senior Hous. Dev. Fund Corp. (2024 NY Slip Op 05816)

Yi Jiang Pai v Nelson Senior Hous. Dev. Fund Corp.

2024 NY Slip Op 05816

Decided on November 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2020-05934
 (Index No. 701805/17)

[*1]Yi Jiang Pai, et al., appellants-respondents,
v
Nelson Senior Housing Development Fund Corporation, et al., defendants, L. Riso & Sons, Co., Inc., defendant third-party plaintiff-respondent- appellant, Excelsior II Housing Development Fund Corporation, et al., defendants-respondents-appellants; KJ Kwok Construction, Inc., et al., third-party defendants-respondents.

Morelli Law Firm PLLC, New York, NY (David L. Sobiloff and Sara A. Mahoney of counsel), for appellants-respondents.
Gallo Vitucci Klar LLP, New York, NY (Yolanda L. Ayala and James Drexler of counsel), for defendant third-party plaintiff-respondent-appellant and defendants-respondents-appellants.
Linda A. Stark, New York, NY, for third-party defendant-respondent KJ Kwok Construction, Inc.
Vigorito, Barker, Patterson, Nichols & Porter, LLP, Garden City, NY (Douglas Langholz of counsel), for third-party defendant-respondent VIS Industries.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal, and the defendant third-party plaintiff and the defendants Excelsior II Housing Development Fund Corporation and Excel Nelson, L.P., cross-appeal, from an order of the Supreme Court, Queens County (Lourdes M. Ventura, J.), entered July 16, 2020. The order, insofar as appealed from, denied those branches of the plaintiffs' cross-motions which were for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and pursuant to CPLR 3126 to impose sanctions against the defendant third-party plaintiff, the defendants Excelsior II Housing Development Fund Corporation and Excel Nelson, L.P., and the third-party defendants for spoliation of evidence. The order, insofar as cross-appealed from, denied that branch of the cross-motion of the defendant third-party plaintiff and the defendants Excelsior II Housing Development Fund Corporation and Excel Nelson, L.P., which was, in effect, for summary judgment on the third-party cause of action for contractual indemnification.
ORDERED that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof denying those branches of the plaintiffs' cross-motions which were pursuant to CPLR 3126 to impose sanctions against the defendant third-party plaintiff, the defendants Excelsior II Housing Development Fund Corporation and Excel Nelson, L.P., and the [*2]third-party defendants for spoliation of evidence, and substituting therefor a provision granting those branches of the cross-motions to the extent of directing that an adverse inference charge be given against the defendant third-party plaintiff, the defendants Excelsior II Housing Development Fund Corporation and Excel Nelson, L.P., and the third-party defendants at trial with respect to the spoliation of an elbow joint pipe; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The plaintiff Yi Jiang Pai (hereinafter the injured plaintiff), an employee of the third-party defendant KJ Kwok Construction, Inc. (hereinafter Kwok), was examining a recently installed fire sprinkler system when the A-frame ladder upon which he was standing allegedly fell from under him, causing him to fall and strike his head on the cement floor. The property was owned by the defendants Excelsior II Housing Development Fund Corporation and Excel Nelson, L.P. (hereinafter together the Excelsior defendants). The general contractor of the project was the defendant third-party plaintiff, L. Riso & Sons, Co., Inc. (hereinafter Riso). Riso contracted with the third-party defendant VIS Industries (hereinafter VIS), which, in turn, contracted with Kwok to install the fire sprinkler system.
Thereafter, the injured plaintiff, and his spouse suing derivatively, commenced this personal injury action against, among others, the Excelsior defendants and Riso, asserting, among other things, causes of action alleging common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6). Riso then commenced a third-party action against Kwok and VIS, inter alia, for contractual indemnification.
At his deposition, the injured plaintiff testified that he was alone in the boiler room, standing on the third rung from the top of the ladder and spraying soapy water onto the sprinkler pipes to check for leaks, when the ladder unexpectedly "collapsed," causing him to fall. Kwok's owner testified at his deposition that he was in a nearby room when he heard "a big boom" and that, when he entered the boiler room, he observed the injured plaintiff on the floor and the ladder in an upright position. The owner also observed that an elbow joint pipe, which reportedly had been connected to an air-pressurized sprinkler system, was now several feet away, wedged between the wall and a pipe, and that white smoke was spewing from the pipe.
VIS moved, inter alia, for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1), arguing that the cause of the injured plaintiff's accident was not the failure of a safety device, but the force of the explosion of the elbow joint pipe. Kwok cross-moved, among other things, for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1). The plaintiffs made two cross-motions, both of which were, inter alia, for summary judgment on the cause of action alleging a violation of Labor Law § 240(1) and pursuant to CPLR 3126 to impose sanctions against the Excelsior defendants, Riso, VIS, and Kwok for the spoliation of the elbow joint pipe. The Excelsior defendants and Riso cross-moved, among other things, in effect, for summary judgment on the third-party cause action for contractual indemnification.
In an order entered July 16, 2020, the Supreme Court, inter alia, denied those branches of the plaintiffs' cross-motions which were for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and those branches of VIS's motion and Kwok's cross-motion which were for summary judgment dismissing that cause of action, determining that triable issues existed as to how the accident occurred. The court also denied those branches of the plaintiffs' cross-motions which were pursuant to CPLR 3126 to impose sanctions against the Excelsior defendants, Riso, VIS, and Kwok for the alleged spoliation of evidence. Furthermore, the court denied that branch of the cross-motion of the Excelsior defendants and Riso which was, in effect, for summary judgment on the third-party cause action for contractual indemnification, determining that it was untimely. The plaintiff appeals, and the Excelsior defendants and Riso cross-appeal.
Labor Law § 240(1) imposes a nondelegable duty and absolute liability upon owners and general contractors for failing to provide safety devices necessary to protect workers from risks [*3]inherent in elevated work sites when that failure is a proximate cause of a plaintiff's injuries (see Zholanji v 52 Wooster Holdings, LLC, 188 AD3d 1300, 1301-1302). "Whether a device provides proper protection is a question of fact, except when the device collapses, moves, falls, or otherwise fails to support the plaintiff and his or her materials" (Melchor v Singh, 90 AD3d 866, 868; see Zholanji v 52 Wooster Holdings, LLC, 188 AD3d at 1302). With regard to accidents involving ladders, "[a] fall from a ladder, by itself, is not sufficient to impose liability under Labor Law § 240(1)" (Melchor v Singh, 90 AD3d at 868; see Alvarez v 2455 8 Ave, LLC, 202 AD3d 724, 725; Xidias v Morris Park Contr. Corp., 35 AD3d 850, 851). "Where, for instance, the plaintiff falls from a ladder because the plaintiff lost his or her balance, and there is no evidence that the ladder was defective or inadequate, liability pursuant to Labor Law § 240(1) does not attach" (Cioffi v Target Corp., 188 AD3d 788, 791). However, "liability will be imposed when the evidence shows that the subject ladder was . . . inadequately secured and that . . . the failure to secure the ladder, was a substantial factor in causing the plaintiff's injuries" (Guaman-Sanango v 57 E. 72nd Corp., 227 AD3d 677, 679 [internal quotation marks omitted]; see Zholanji v 52 Wooster Holdings, LLC, 188 AD3d at 1302). "The collapse of a scaffold or ladder for no apparent reason while a plaintiff is engaged in an activity enumerated under the statute creates a presumption that the ladder or scaffold did not afford proper protection" (Valentin v Stathakos, 228 AD3d 985, 989 [internal quotation marks omitted]; see Cioffi v Target Corp., 188 AD3d at 791).
Here, the plaintiffs established, prima facie, their entitlement to judgment as a matter of law on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) by submitting the injured plaintiff's deposition testimony, which demonstrated that the ladder collapsed for no apparent reason (see Valentin v Stathakos, 228 AD3d at 989; Caminiti v Extell W. 57th St. LLC, 166 AD3d 440, 440; Diaz v 5-01-5-17 48th Ave., LLC, 111 AD3d 661, 662). In opposition, however, a triable issue of fact was raised as to whether the ladder was defective or unsecured (see Caminiti v Extell W. 57th St. LLC, 166 AD3d at 441). Accordingly, the Supreme Court properly denied those branches of the plaintiffs' cross-motions which were for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
"When a party negligently loses or intentionally destroys key evidence, thereby depriving the non-responsible party from being able to prove its claim or defense, the responsible party may be sanctioned by the striking of its pleading" (Jennosa v Vermeer Mfg. Co., 64 AD3d 630, 631 [alterations and internal quotation marks omitted]). However, "[w]here the evidence lost is not central to the case or its destruction is not prejudicial, a lesser sanction, or no sanction, may be appropriate" (id. [internal quotation marks omitted]; see McDonnell v Sandaro Realty, Inc., 165 AD3d 1090, 1095). "The Supreme Court has broad discretion to determine a sanction for the spoliation of evidence" (Teodoro v C.W. Brown, Inc., 200 AD3d 999, 1001 [internal quotation marks omitted]).
Here, while the spoliation of the elbow joint pipe did not deprive the plaintiffs of their ability to prove their claim so as to warrant the drastic sanction of striking an answer, under the circumstances of this case, the lesser sanction of directing that an adverse inference charge be given against the Excelsior defendants, Riso, VIS, and Kwok at trial with respect to the spoliation of the elbow joint pipe is appropriate (see Dagro Assoc. II, LLC v Chevron U.S.A., Inc., 206 AD3d 793).
Contrary to the contention of the Excelsior defendants and Riso, the Supreme Court properly denied that branch of their cross-motion which was, in effect, for summary judgment on the third-party cause action for contractual indemnification (see Crawford v 14 E. 11th St., LLC, 191 AD3d 461; Sheng Hai Tong v K & K 7619, Inc., 144 AD3d 887, 890; Vitale v Astoria Energy II, LLC, 138 AD3d 981, 981). Even accepting that the court should have entertained that branch of the cross-motion on the merits, the Excelsior defendants and Riso failed to demonstrate, prima facie, their entitlement to judgment as a matter of law on that third-party cause of action (see Graziano v Source Bldrs. & Consultants, LLC, 175 AD3d 1253, 1260; Arriola v City of New York, 128 AD3d 747, 749; Rodriguez v Tribeca 105, LLC, 93 AD3d 655, 657).
IANNACCI, J.P., MALTESE, WAN and GOLIA, JJ., concur.

2020-05934 DECISION & ORDER ON MOTION
Yi Jiang Pai, et al., appellants-respondents,
v Nelson Senior Housing Development Fund
Corporation, et al., defendants, L. Riso & Sons,
Co., Inc., defendant third-party plaintiff-respondent-
appellant, Excelsior II Housing Development Fund
Corporation, et al., defendants-respondents-appellants;
KJ Kwok Construction, Inc., et al., third-party
defendants-respondents.
(Index No. 701805/17)

Appeal and cross-appeal from an order of the Supreme Court, Queens County, entered July 16, 2020. Motion by the third-party defendant-respondent KJ Kwok Construction, Inc., to strike stated portions of the appellants-respondents' replacement reply brief on the ground that they refer to matter dehors the record and improperly raise issues for the first time in reply. By decision and order on motion of this Court dated May 27, 2022, the motion was held in abeyance and referred to the panel of Justices hearing the appeal and cross-appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal and cross-appeal, it is
ORDERED that the motion is denied.
IANNACCI, J.P., MALTESE, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court