Araujo v Monadnock Constr., Inc. (2025 NY Slip Op 04533)

Araujo v Monadnock Constr., Inc.

2025 NY Slip Op 04533

Decided on August 6, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2024-02556
 (Index No. 527715/19)

[*1]Helio Araujo, appellant-respondent, 
v
Monadnock Construction, Inc., et al., respondents-appellants, et al., defendant.

Law Offices of Lawrence Perry Biondi, P.C. (Lisa M. Comeau, Garden City, NY, of counsel), for appellant-respondent.
Lewis Brisbois Bisgaard & Smith LLP, New York, NY (Meredith Drucker Nolen, Nicholas Hurzeler, and Shawn Schatzle of counsel), for respondents-appellants.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, and the defendants Monadnock Construction, Inc., and East Harlem MEC Parcel B West, LLC, cross-appeal, from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated December 7, 2023. The order, insofar as appealed from, denied the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and granted that branch of the motion of the defendants Monadnock Construction, Inc., and East Harlem MEC Parcel B West, LLC, which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-1.30 insofar as asserted against them. The order, insofar as cross-appealed from, denied those branches of the motion of the defendants Monadnock Construction, Inc., and East Harlem MEC Parcel B West, LLC, which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on violations of 12 NYCRR 23-1.7(d) and 23-1.21(b)(3) insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The defendant East Harlem MEC Parcel B West, LLC (hereinafter East Harlem MEC), which owned certain premises, hired the defendant Monadnock Construction, Inc. (hereinafter Monadnock), as the general contractor for a new building construction. Monadnock subcontracted with Highbury Concrete, Inc., the plaintiff's employer.
The plaintiff alleged that he was working in the basement area of the premises when the ladder he was standing on wobbled to the right, causing him to fall backward, hit his head, and pass out. The plaintiff further alleged that at the time of the accident, he was using the subject A-frame or platform-type ladder in a closed position because the workspace he was in was too confined to use the ladder in an open position. The plaintiff also alleged that the floor of the workspace was slippery and wet and that the feet of the ladder were in approximately two or three inches of standing [*2]water.
The plaintiff subsequently commenced this action against Monadnock and East Harlem MEC (hereinafter together the defendants), and another defendant, asserting causes of action to recover damages for common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6). After the completion of discovery, the plaintiff moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). The defendants moved for summary judgment dismissing the complaint insofar as asserted against them.
By order dated December 7, 2023, the Supreme Court denied the plaintiff's motion and denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against them. The court also denied those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon violations of 12 NYCRR 23-1.7(d) and 23-1.21(b)(3) insofar as asserted against them. However, the court granted that branch of the defendants' motion which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon a violation of 12 NYCRR 23-1.30 insofar as asserted against them. The plaintiff appeals, and the defendants cross-appeal.
"Labor Law § 240(1) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites" (Andrade v Bergen Beach 26, LLC, 215 AD3d 722, 723 [internal quotation marks omitted]; see Joseph v 210 W. 18th, LLC, 189 AD3d 1384, 1385). "Not every worker who falls at a construction site, and not every object that falls on a worker, gives rise to the extraordinary protections of Labor Law § 240(1)" (Narducci v Manhasset Bay Assoc., 96 NY2d 259, 267). "Rather, liability is contingent upon the existence of a hazard contemplated in section 240(1) and the failure to use, or the inadequacy of, a safety device of the kind enumerated therein" (id.; see Ramones v 425 County Rd., LLC, 217 AD3d 977, 979).
"To prevail on a cause of action alleging a violation of Labor Law § 240(1), a plaintiff must prove that the defendant violated the statute and that such violation was a proximate cause of his or her injuries" (Lopes v County of Suffolk, 236 AD3d 883, 884 [internal quotation marks omitted]). "[W]ith respect to accidents involving ladders, liability will be imposed when the evidence shows that the subject ladder was . . . inadequately secured and that . . . the failure to secure the ladder was a substantial factor in causing the plaintiff's injuries" (Wright v Pennings, 233 AD3d 827, 828 [alteration and internal quotation marks omitted]).
"Once the plaintiff makes a prima facie showing the burden then shifts to the defendant, who may defeat the plaintiff's motion for summary judgment only if there is a plausible view of the evidence—enough to raise a fact question—that there was no statutory violation and that the plaintiff's own acts or omissions were the sole cause of the accident" (Lopes v County of Suffolk, 236 AD3d at 884 [alterations and internal quotation marks omitted]). "To establish, prima facie, that a plaintiff was the sole proximate cause of an accident, a defendant has to establish that the plaintiff misused an otherwise proper safety device, chose to use an inadequate safety device when proper devices were readily available, or failed to use any device when proper devices were available" (Sisalima v Thorne Constr., Inc., 237 AD3d 1126, 1127 [internal quotation marks omitted]; see Nalvarte v Long Is. Univ., 153 AD3d 712, 713-714). "A worker's decision to use an A-frame ladder in the closed position is not a per se reason to declare him [or her] the sole proximate cause of an accident" (Gillet v City of New York, 165 AD3d 1064, 1064 [internal quotation marks omitted]; see Zholanji v 52 Wooster Holdings, LLC, 188 AD3d 1300, 1302). "Generally, the issue of whether a particular safety device provided proper protection is a question of fact for the jury" (Sisalima v Thorne Constr., Inc., 237 AD3d at 1127 [internal quotation marks omitted]).
Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) (see [*3]Wright v Pennings, 233 AD3d at 828-829; Zholanji v 52 Wooster Holdings, 188 AD3d at 1302). However, in opposition, the defendants raised triable issues of fact as to whether the plaintiff misused the ladder and, if so, whether that misuse was the sole proximate cause of the accident (see Kosinski v Brendan Moran Custom Carpentry, Inc., 138 AD3d 935, 936; Daley v 250 Park Ave., LLC, 126 AD3d 747, 749; cf. Zholanji v 52 Wooster Holdings, LLC, 188 AD3d at 1302). Therefore, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). Furthermore, based on the parties' related evidentiary submissions, the court also properly denied that branch of the defendants' motion which was for summary judgment dismissing that cause of action insofar as asserted against them.
"Labor Law § 241(6) imposes a nondelegable duty upon owners and contractors to provide reasonable and adequate protection and safety to construction workers" (Wittenberg v Long Is. Power Auth., 225 AD3d 730, 733 [internal quotation marks omitted]). "To prevail on a cause of action alleging a violation of Labor Law § 241(6), a plaintiff must establish the violation of a specific and concrete provision of the Industrial Code, and that such violation was a proximate cause of his or her injuries" (Bittrolff v City of New York, 237 AD3d 1024, 1026 [internal quotation marks omitted]; see Fonck v City of New York, 198 AD3d 874, 875).
12 NYCRR 23-1.30 provides, inter alia, "that work sites must have illumination sufficient for safe working conditions wherever workers must work and sets a minimum standard of 10-foot candles in any work area and 5-foot candles in any passageway" (Murphy v 80 Pine, LLC, 208 AD3d 492, 497-498 [alteration and internal quotation marks omitted]; see 12 NYCRR 23-1.30). Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-1.30 because they demonstrated that insufficient lighting was not a proximate cause of the plaintiff's accident. In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's theory that he might have been able to catch himself on a "post" if there was better illumination was speculative and insufficient to raise a triable issue of fact (see Macdonald v Palace Entertainment, LLC, 234 AD3d 749, 750).
Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-1.30 insofar as asserted against them.
The Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-1.7(d) or 23-1.21(b)(3) insofar as asserted against them. The defendants failed to eliminate triable issues of fact as to whether the wet and slippery condition of the area where the accident occurred (see 12 NYCRR 23-1.7[d]) or the condition of the ladder itself (see id. § 23-1.21[b][3]) were proximate causes of the plaintiff's accident in violation of those Industrial Code provisions.
"Labor Law § 200 is a codification of the common-law duty of property owners and general contractors to provide workers with a safe place to work" (Murphy v 80 Pine, LLC, 208 AD3d at 495 [internal quotation marks omitted]; see Pisculli v Tew, 238 AD3d 919, 921). "Cases involving Labor Law § 200 fall into two broad categories: namely, those where workers are injured as a result of dangerous or defective premises conditions at a work site, and those involving the manner in which the work is performed" (Pisculli v Tew, 238 AD3d at 921[internal quotation marks omitted]).
"When a claim arises out of an alleged dangerous premises condition, a property owner or general contractor may be held liable in common-law negligence and under Labor Law § 200 when the owner or general contractor has control over the work site and either created the dangerous condition causing an injury, or failed to remedy the dangerous or defective condition while having actual or constructive notice of it" (Titov v V & M Chelsea Prop., LLC, 230 AD3d 614, [*4]618 [alteration and internal quotation marks omitted]). "A defendant has constructive notice of a defect when it is visible and apparent and has existed for a sufficient length of time before the accident such that it could have been discovered and corrected" (Wright v Pennings, 233 AD3d at 830). Moreover, "a defendant will be deemed to have constructive notice where there is evidence of an ongoing and recurring dangerous condition that existed in the area of the accident which was routinely left unaddressed" (Graham v New York City Hous. Auth., 229 AD3d 605, 607 [alterations and internal quotation marks omitted]). "However, a general awareness that a dangerous condition may be present is legally insufficient to constitute notice of the particular condition that caused the plaintiff's fall" (id. [alterations and internal quotation marks omitted]).
Here, the defendants failed to establish, prima facie, that they lacked actual or constructive notice of the allegedly dangerous condition, i.e., the wet and slippery floor where the plaintiff was working, within a reasonable time to remedy it (see Seem v Premier Camp Co., LLC, 200 AD3d 921; Derise v Jaak 773, Inc., 127 AD3d 1011, 1011-1012). The defendants also failed to eliminate triable issues of fact as to whether the dangerous condition was a proximate cause of the accident. Accordingly, the Supreme Court properly denied those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against them (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 852).
The defendants' remaining contentions either are without merit or need not be reached in light of the foregoing.
CONNOLLY, J.P., GENOVESI, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court